# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS MOLINA BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1693-SLP |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 1] against the State of Oklahoma and the City of Hollis.  Plaintiff's Complaint is subject to screening pursuant to 28 U.S.C.§ 1915(e)(2) and the Court may sua sponte dismiss the Complaint if it "fails to state a claim on which relief may be granted." *Id.*, §1915(e)(2)(B)(ii).

To assess whether a complaint fails to state a claim upon which relief may be granted, courts apply the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

Plaintiff's Complaint identifies the basis for the Court's federal question jurisdiction as 42 U.S.C. § 1983.  Plaintiff claims his 14th Amendment rights were violated as "there was no probable cause" for his arrest.  *See* Compl. [Doc. No. 1] at 4.  Plaintiff claims he was wrongfully arrested.  *Id*.

First, Plaintiff's claims against the State of Oklahoma are subject to dismissal.  The Eleventh Amendment bars Plaintiff's claim against the state of Oklahoma.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *see also Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.").

To be sure, a state may be liable to suit where the state has waived its Eleventh Amendment immunity, *see Alden v. Maine*, 527 U.S. 706, 755 (1999), or if Congress has abrogated it, *see Garrett*, 531 U.S. at 363.  But neither exception applies here.  *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."); *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (concluding Congress did not abrogate states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983).  Accordingly, Plaintiff's claims against the State of Oklahoma are subject to dismissal.

As to Plaintiff's 42 U.S.C. § 1983 claim against the City of Hollis, Plaintiff has not alleged there was any municipal policy or custom that led to the deprivation of his rights. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). "A municipality

may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." *Id.* (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Furthermore, Plaintiff's Complaint does not identify any individual official or employee of the City of Hollis who had an alleged personal involvement in the alleged constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Accordingly, the claims against the City of Hollis are subject to dismissal.

The Court has also considered whether the Complaint should be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161, n. 2 (10th Cir. 2007)).

Here, the Complaint fails to comply with the requirements of Rule 8.  As stated, the Complaint fails to identify with any clarity the factual or legal bases for his claim(s). Additionally, Plaintiff fails to identify what conduct, if any, that an individual engaged in that would subject the Defendants to liability.  *See Nasious*, 492 F.3d at 1163 (in accordance with Rule 8, a plaintiff must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

IT IS THEREFORE ORDERED that the Complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 21 days of the date of this Order, or by Tuesday, August 11, 2026.  If no amendment is timely filed, this action will be dismissed for the reasons articulated above.

IT IS SO ORDERED this 21st day of July, 2026.

---

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

4